IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER EDWARDS, JR.,                                                                    PLAINTIFF

v.                                       Civil No. 5:25-CV-05054-CDC

CORPORAL TOM MULVANEY, Washington County Detention Center
("WCDC"); JOHN AND JANE DOE OFFICERS, WCDC;
JAY CANTRELL; LIEUTENANT AMANDA ARNOLD, WCDC;
LIEUTENANT MIKE ARNOLD, WCDC;
LIEUTENANT BRIAN ATCHLEY, WCDC;
LIEUTENANT MARIAH CARRIER, WCDC; and
SERGEANT KELTON TURNER, WCDC;
                                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Edwards, Jr., initiated the above-captioned civil rights lawsuit under 42 U.S.C. § 1983, generally alleging that he was exposed to unconstitutional conditions of confinement while incarcerated at the Washington County Detention Center ("WCDC"). (ECF No. 12). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 8). All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and for entry of final judgment in this matter. (ECF No. 35). This matter is currently before the Court on Plaintiff's failure to comply with court orders.

## BACKGROUND

Plaintiff was a prisoner when he initiated this action, and his claims seek redress from government officials. *See* (ECF No. 1). As such, his claims are subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Upon the Court's initial § 1915A(a) review, this Court ordered Plaintiff to submit an amended complaint on the approved § 1983 form in accordance with Local Rule 9.1. *See* (ECF No. 2). The Court also directed Plaintiff to either submit a complete *in forma pauperis* ("IFP") application or pay the statutory filing fee of $405 by April 1, 2025, failing which

this matter would be subject to dismissal for failure to comply with court orders. *Id.* Notably, the order also directed Plaintiff to provide updated contact information within 30 days of any such change, failing which this matter would be subject to dismissal for failure to prosecute. *Id.* In response, Plaintiff submitted an amended complaint, (ECF No. 4), Motion to Proceed IFP, (ECF No. 5), Motion to Compel, (ECF No. 6), and Motion to Appoint Counsel, (ECF No. 7). Upon review, the Court granted Plaintiff's IFP motion, (ECF No. 8), denied the other two motions, *see* (ECF No. 9 & 10), and granted him leave to submit a second amended complaint to provide identifying information on the John and Jane Doe defendants, (ECF No. 10).

Plaintiff then submitted a Second Amended Complaint, (ECF No. 12), and a Motion to Produce Text, Audio, and Video Recordings, (ECF No. 13). Upon preservice review of the Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1915A(a), the Court ordered that it be served on the Defendants by certified mail, return receipt requested. *See* (ECF No. 15). The Court also ordered that the named Defendants identify the John and Jane Doe Defendants based on the information provided in the SAC. *Id.* The Court denied the Motion to produce discovery as premature. (ECF No. 14).

When the named Defendants filed their Answer, they requested additional time to potentially identify the John and Jane Doe defendants. (ECF No. 19). That request was granted. (ECF No. 21). But Plaintiff's copy of the Court's order granting that request was returned as undeliverable, marked "return to sender, not at facility." (ECF No. 22). Plaintiff's updated contact information was thus due within thirty day or by July 23, 2025. On June 24, 2025, Plaintiff provided his updated contact information. (ECF No. 26). Upon receipt of Defendants' notice identifying the names of the John and Jane Doe defendants, this Court ordered service of the SAC on those individuals. (ECF No. 24). When they filed their Answer, this Court directed the

Defendants to either submit a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by October 6, 2025, or promptly file a notice informing the Court and parties that they do not intend to pursue that affirmative defense at trial. (ECF No. 30). On October 1, 2025, Defendants requested an extension of time to submit a motion for summary judgment, which was granted. (ECF No. 32 & 33).

On October 27, 2025, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a) before initiating this action. (ECF No. 36). The next day, this Court ordered Plaintiff to file a response by November 18, 2025, and provided instructions on how to respond. (ECF No. 39). This order has not been returned as undeliverable. When this deadline passed, with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be subject to dismissal for failure to comply with court orders. (ECF No. 40). Plaintiff's response to the show cause order was due by December 12, 2025. *Id.* This order has also not been returned as undeliverable. The deadline to comply with the Court's show cause order has now passed, and Plaintiff has failed to respond. Indeed, Plaintiff has not communicated with the Court since filing a notice of change of address in June, over six months ago.

## DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not

responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Here, Plaintiff has failed to comply with two court orders: the Court's order directing him to respond to Defendants' Motion for Summary Judgment (ECF No. 39), and the Court's show cause order (ECF No. 40). Neither Order has been returned as undeliverable. Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for his noncompliance.

## ORDER

Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Plaintiff's Second Amended Complaint (ECF No. 12) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of December 2025.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE